**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH PHINN,

    Plaintiff,

v.                                          Case No. 07-CV-10940-DT

CAPITAL ONE AUTO FINANCE, INC.,

    Defendant.
                                                    /

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Pending before the court is a "Motion to Dismiss Complaint," filed on March 29, 2007 by Defendant Capital One Auto Finance, Inc. ("COAF"). The matter has been fully briefed[1] and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. INTRODUCTION**

The facts relevant to Defendant's motion are not in dispute. Plaintiff initiated his complaint on March 5, 2007, seeking class action status on behalf of himself and others similarly situated. Plaintiff asserts that Defendant COAF wilfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Specifically, Plaintiff alleges that

---

[1]Indeed, since the filing of Defendant's reply brief, the parties have submitted four additional stipulations of supplemental authority. It is the court's understanding that permission to file the first stipulation was given by the court's case manager, but permission was not given to file any of the subsequent stipulations. The court views such stipulations as additional briefs, which cannot be submitted without leave of court. *See* E.D. Mich. 7.1(f). Although the court will consider the supplemental authority in this case, counsel are cautioned to adhere to the local rules in the future. Permission to file one stipulation of additional authority does not give counsel *carte blanche* to file a never-ending stream of stipulations which unnecessarily clutter the docket.

COAF unlawfully accessed class members' credit reports in order to send mailers which Plaintiff contends are not "firm offers of credit," as defined under the FCRA. (Compl. at ¶ 1.) An example of the challenged mailer is attached as Exhibit 1 to the complaint, and was sent to Plaintiff in or around early January 2006. (*Id.* at ¶ 8.) Plaintiff contends that the mailer was not a "firm offer of credit" because it did not include the "material terms of the rate of interest, method of calculating interest and the term of repayment," and that the mailer was instead a "guise for an advertisement." (*Id.* at ¶¶ 58, 70.) Plaintiff also avers that COAF failed to keep the purported offer open for a reasonable time by limiting its acceptance to three days. (*Id.* at ¶ 69.) Defendant does not dispute that it sent the relevant mailer, but argues that the mailer meets the definition of "firm offer of credit" under the FCRA.

## II. STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*,

58 F.3d at 1138; *Columbia Natural Res., Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, *and exhibits attached to the complaint*, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis added) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). Because Defendant focuses on the allegations in the complaint and Exhibit 1 to the complaint, the court will treat Defendant's motion under Rule 12, rather than converting it to a motion under Rule 56.

### III. DISCUSSION

The issue before the court is a matter of statutory interpretation. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. [The Supreme Court has] stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut*

3

*Nat. Bank v. Germain,* 503 U.S. 249, 253-54 (1992) (citations omitted). Thus, "[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Choice,* 201 F.3d 837, 840 (6th Cir. 2000) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

The FCRA regulates access to consumers' credit reports by providing that credit bureaus may furnish a consumer's credit report only for certain permissible purpose as identified in 15 U.S.C. § 1681b. For purposes of the instant motion, the statute provides that "[a] consumer reporting agency may furnish a consumer report relating to any consumer . . . in connection with any credit or insurance transaction that is not initiated by the consumer only if . . . (B)(i) the transaction consists of a firm offer of credit or insurance." 15 U.S.C. § 1681b(c)(1)(B)(I). "Firm offer of credit or insurance" is defined as:

> any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more of the following:
>
> > (1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established--
> >
> > > (A) before selection of the consumer for the offer; and
> > >
> > > (B) for the purpose of determining whether to extend credit or insurance pursuant to the offer.
> >
> > (2) Verification
> >
> > > (A) that the consumer continues to meet the specific criteria

> used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer; or
>
>> (B) of the information in the consumer's application for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.
>
> (3) The consumer furnishing any collateral that is a requirement for the extension of the credit or insurance that was--
>
>> (A) established before selection of the consumer for the offer of credit or insurance; and
>>
>> (B) disclosed to the consumer in the offer of credit or insurance.

15 U.S.C. § 1681a(l).

The relevant mailer in this litigation is a two-sided document, which offers "up to $25,000 in auto financing . . . to [a purchase] car, truck or SUV." (Mailer at 1, Compl. Ex. 1.) The mailer states that "you won't have to put any money down and no dealer credit applications are necessary." (*Id.*) In fine print on the reverse side of the mailer, additional restrictions are noted. These restrictions include, but are not limited to, the following: the consumer cannot be in bankruptcy, must be at least 18 years of age and have a monthly income of at least $1,500; the total amount financed must be at least $10,000; the consumer may need to trade in a current vehicle to close an existing loan; the offer is not valid for Daewoo, Oldsmobile, Kia, Suzuki and discontinued vehicle lines. (*Id.* at 2.) There is also a notation at the end of the document, under the "Prescreen & Opt-Out Notice" provision, which states: "This offer is not guaranteed if you do not meet our criteria, including providing acceptable property as collateral." (*Id.*)

Plaintiff's action is premised on the argument that this mailer does not constitute a "firm offer of credit" because it does not contain the essential terms of the offer.[2] (Pl.'s Resp. Br. at 7-8.) Specifically, in the context of automobile financing, Plaintiff contends that the offer must contain, at least, a range of the essential terms which relate to the amounts offered, interest rates and terms of repayment. (*Id.* at 13-14.) Conversely, Defendant argues that the language of the FCRA does not require all of these terms to be included in a "firm offer of credit" and that "the specific terms of an offer of credit for auto financing necessarily depend upon the individual consumer's circumstances and information not available at the time COAF made the initial offer." (Def.'s Mot. Br. at 12.)

Although both parties submit authority in support of their positions, the issue has not yet been determined by the Sixth Circuit. In the absence of binding precedent, the court finds that the authority presented by Defendant is more persuasive. Simply put, the court is persuaded that Plaintiff's argument attempts to import requirements not otherwise found into the statutory definition of "firm offer of credit."

As stated above, the relevant definition of "firm offer of credit" is "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). Plaintiff does not

---

[2]Despite Defendant's motion to dismiss, Plaintiff does not offer any authority for his assertion in the complaint that Defendant also violated the FCRA by failing to keep the offer open for a reasonable time. Even if Plaintiff presented such authority, the court would find as a matter of law that Defendant's offer of a three day event with available VIP appointments was a sufficient amount of time to hold open an offer of automobile credit.

allege that Defendant did not or would not honor the "offer" it extended to Plaintiff in the mailer. Rather, Plaintiff asserts, essentially, that under the FCRA, other related statutes and general contract principles, Defendant's mailer did not constitute an "offer" because it did not contain all of the essential or material terms. Contrary to Plaintiff's argument, however, the FCRA does not require that all of the material terms be disclosed in the offer. *Soroka v. JP Morgan Chase & Co.*, No. 05-7578, 2007 WL 895249, *4 (S.D.N.Y. Mar. 19, 2007) ("[A] firm offer under the FCRA differs from what might be considered a firm offer in other business contexts or at common law in that such an offer may be conditioned on the consumer's meeting certain requirements after the offer is made."). It only requires that Defendant make an offer of credit which will be honored if Plaintiff meets the relevant criteria. *See Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 841 (5th Cir. 2004) ("[A] firm offer of credit under the Act really means a firm offer if you meet certain criteria."). Here, there is no dispute that the mailer extended Plaintiff an offer of credit between $10,000 and $25,000, provided that Plaintiff meet additional criteria. Under the plain language of the FCRA, this is all that is required to constitute a "firm offer of credit."

Moreover, as other courts have pointed out, the FCRA does require certain other disclosures when the consumer did not initiate the credit transaction, but "Congress did not include specific credit amounts and rates among this list of required disclosures or anywhere else in the FCRA." *Nasca v. J.P. Morgan Chase Bank, N.A.,* No. 06-3472, 2007 WL 678407, *3 (S.D.N.Y. Mar. 5, 2007) (citing 15 U.S.C. §1681m(d)). Accordingly, "[p]ursuant to the canon of statutory construction *inclusio unius est exclusio alterius*--to express or include one thing implies the exclusion of the other--where

7

Congress has explicitly enumerated certain disclosure requirements within the text of the FCRA, this Court should not imply any additional disclosure requirements." *Id.* at *4 (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001), *United States v. Tappin*, 205 F.3d 536, 540 (2d Cir. 2000)). Similarly, the FCRA's definition of "firm offer of credit" requires that if the furnishing of any collateral is a requirement for the extension of the credit , that requirement must be disclosed to the consumer in the offer of credit or insurance. 15 U.S.C. § 1681a(l)(3). As the *Nasca* court also noted,

> Because Congress explicitly required that creditors disclose that one specific credit term in order for such a solicitation to constitute a "firm offer of credit," this Court will not imply that Congress meant to require additional credit terms-such as specific interest rates or amount of credit-in order for a solicitation to constitute a "firm offer of credit."

*Nasca,* 2007 WL 678407, at *4.[3]

For these reasons, this court joins the numerous other courts that have soundly and correctly found that despite a plaintiff's argument that "the offer lacked terms such as the applicable interest rate and repayment period, the FCRA simply does not require that such terms be included in firm offers of credit made pursuant to the statute."

---

[3]The court rejects Plaintiffs argument that *Nasca* incorrectly relied on the canon of statutory construction *inclusio unius est exclusio alterius* when addressing the collateral disclosure requirement. Plaintiff labels the collateral disclosure requirement as "an additional condition," rather than an exception, to an offer of credit, and asserts that the statutory canon thus does not apply. (Pl.'s Resp. Br. at 9-10.) The point made by *Nasca*, and adopted by this court, however, is that because Congress included express and clear disclosure requirements, whether labeled as an additional condition or exception, in the FCRA, this court will not imply any further disclosure requirements in the statute. The exclusion of such additional disclosure requirements must be interpreted as intentional.

*Soroka*, 2007 WL 895249 at *4;[4] *see also Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1060 (N.D. Cal. 2006) ("The text of the FCRA does not support plaintiffs' suggestion that a firm offer of credit cannot contain a range of credit or interest rates, or that it must be of sufficient "value" when judged by a later arbiter . . ."); *but see Cole v. U.S. Capital,* 389 F.3d 719, 727-28 (7th Cir. 2004) ("To determine whether the offer of credit comports with the statutory definition, a court must consider the entire offer and the effect of all the material conditions that comprise the credit product in question . . . [including] . . . [the] amount of credit to be extended . . . the rate of interest charged, the method of computing interest and the length of the repayment period.").[5]

---

[4]The *Soroka* court also correctly found that the "disclosure of such terms is governed by other statutes within the Consumer Credit Protection Act, specifically the Truth in Lending Act ("TILA"). *Soroka*, 2007 WL 895249 at *4. As *Soroka* held:

> Because disclosures of additional terms regarding the applicable interest rate and repayment period for credit products are governed by the TILA and because the FCRA does not explicitly require such terms to be disclosed as part of a firm offer of credit, . . . it is not a violation of the FCRA for a creditor to fail to include such terms in firm offers of credit.

*Id.*

[5]Most of the cases on which Plaintiff relies are under the *Cole* line of authority. As one court has recently found:

> In the *Cole* line of cases, offers have been held to be infirm where the omission of details regarding the terms of the loans being offered made it impossible for the consumer to determine whether an offer in fact had "value." In circuits other than the Seventh, district courts have declined to tie the concept of value to the disclosure of specific loan details. While there may be much to be said for the Cole test, the weight of authority trends heavily in the opposite direction. This is true even in the Seventh Circuit. *See* [*Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 955 (7th Cir.2006)] (limiting Cole to "sham offer[s] used to pitch a product rather than extend credit").

*Dixon v. Shamrock Fin. Corp.*, 482 F. Supp. 2d 172, 176 (D. Mass. 2007). Even if the

Finally, the is not persuaded by Plaintiff's attempt to distinguish Defendant's cases, which involve home mortgage credit offers, from the facts of this case, involving an automobile loan. It is true that such cases have found that disclosure of every single loan term is not required for an offer to be considered firm because "a mortgage is tailored to the individual consumer depending on such factors as how much he or she wishes to borrow, his or her current income, and the value of the property offered as collateral; all of this information would have to be provided by the individual borrower." *Cavin v. Home Loan Ctr. Inc.,* 469 F. Supp. 2d 561, 569 (N.D. Ill. 2007). However, similar considerations also apply in the context of automobile loans, where the specific terms of the loan may vary depending on the exact amount borrowed, the type of car purchased, the consumer's current income, and the duration of the loan.[6] Thus, cases involving home mortgages do not implicate dissimilar conditions as do cases involving automobile loans. *See Murray v. HSBC Auto Fin., Inc.*, No. 05 C 4040, 2006 WL 2861954, at *4 (N.D.Ill. Sept. 27, 2006) ("It is hard to determine what specific information [the defendant] could provide in the mailer regarding the interest rate and loan terms that might be available from a credit report, when the FTC has

---

court were to find *Cole's* reasoning persuasive, the court would nonetheless find that the offer extended in this case indeed had value and was not a mere "guise for solicitation rather than a legitimate credit product." *Cole,* 389 F.3d at 728. In *Cole*, the offer extended was for only $300 and was not guaranteed. *Id.* In this case, however, Plaintiff was guaranteed between $10,000 and $25,000, provided he met the other conditions.

[6]While Plaintiff correctly notes that the offer of credit in this case contained at least a minimal income requirement and a range of available credit, the consumer's *exact* income and amount borrowed would undoubtedly affect the potential interest rate or other terms of the loan.

acknowledged that those terms are contingent on additional information that [the plaintiff] would have to provide herself.").⁷

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss Complaint" [Dkt. # 4] is GRANTED and Plaintiff's complaint is hereby DISMISSED.

         S/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2007, by electronic and/or ordinary mail.

         S/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522

---

⁷Because the court finds that Plaintiff's complaint fails to sufficiently allege a violation of the FCRA, the court need not address Defendant's alternative argument that Plaintiff's complaint fails to allege that the violation was wilful.